IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case no. 23 C 16943 |
| v. | ) ) | Judge: Martha M. Pacold |
| JOHNSON SITE WORK, INC., an Illinois corporation, BLAIR JOHNSON EXCAVATING, INC., a dissolved Illinois Corporation, and DAVID JOHNSON, as an individual, | ) ) ) ) ) | Magistrate Judge: Fuentes |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR AGREED JUDGMENT**

NOW COME Plaintiffs Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Fund, and Catherine Wenskus, not individually but as Administrator of the Funds, (collectively herein the "Funds"), by and through their attorney, Sara S. Schumann; and Defendants Johnson Site Work, Inc. ("JSW"), an Illinois corporation, Blair Johnson Excavating, Inc. ("BJE"), a dissolved corporate entity and David Johnson ("Johnson"), individually, by and through their attorney, Todd A. Miller of Allocco, Miller & Cahill, P.C., and hereby move this Court for Entry of the Parties' Agreed Judgment in favor of the Funds and against Defendants JSW, BJE and Johnson. In support of this Motion, the Plaintiffs state as follows:

1. On June 18, 2024 Plaintiffs filed a three count First Amended Complaint against Defendants (the "FAC"). Count I alleged Defendants' failure to pay its employees monthly benefit

1

contributions to Funds as revealed delinquent on the Wolf Audit, covering November 1, 2021 through November 30, 2022. Count II alleged Defendants' failure to pay the dues contributions to the Construction and General Laborers' District Council of Chicago & Vicinity (the "Union"), covering that same period and as also found delinquent on the Wolf Audit. Count III alleged that Defendant JSW was the successor and/or single employer of BJE that had pending audits owed to the Funds, covering August 1, 2012 through August 31, 2019 ("Calibre Audit 1"), and September 1, 2019 through March 31, 2021 ("Calibre Audit 2"). True and accurate copies of the Wolf Audit and Calibre Audits 1 and 2 were attached to the FAC, as was the Parties' Settlement Agreement, 61-month Installment Note ("Note") and Johnson's Personal Guaranty, individually guarantying the amounts owed on the Note, as well as for those amounts that became due whilst under the terms of the Parties' Settlement Agreement and Note (See Docket No. 26).

2. On June 27, 2024, Defendants waived service of the Summons and FAC, and the Parties filed a Stipulation of Dismissal (See Docket Nos. 27-29).

3. The Court entered an Order of Dismissal on July 15, 2024 that provided for the Court to retain jurisdiction to enforce the Parties' Settlement Agreement and its incorporated documents through August 31, 2029 (See Docket No. 34).

4. On January 22, 2025, Funds moved to reinstate this action due to Defendants' default on its Note, and the Parties agree that the following amounts remain owed per the Note, plus the Funds' attorneys' fees and court costs incurred to date as follows:

|   | Amount | Description |
|---|---|---|
|   | $ 276,000.00 | Note principal |
| + | $   62,326.90 | Note interest |
|   | $ 338,326.90 | Total owed per Settlement Agreement and Installment Note |
| - | $  (36,600.00) | Credit for Note Down payment and 3 installment payments |
|   | $ 301,726.90 | |
|   | $   28,826.50 | Funds' Attorneys' Fees and Costs |
|   | **$ 330,553.40** | **Total Agreed Judgment Amount** |

5. On July 28, 2025, the undersigned sent Funds' proposed damages to Defendants' counsel, and on August 28, 2025 the undersigned sent a copy of this motion to Defendants' counsel to confirm that Defendants were in agreement with the above amounts being owed to Funds.

6. On August 29, 2025, Defendants' counsel informed the undersigned that Defendants agree with the judgment damages in the above amounts that remain owed at this time.

7. As the Parties are in agreement on the proposed agreed judgment order, which is attached hereto, Plaintiffs' respectfully request that the Court grant the motion and enter judgment in favor of Funds and against Defendants jointly and severally, in the total amount of **$330,553.40.**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of the Funds and jointly and severally against Johnson Site Work, Inc., Blair Johnson Excavating, Inc., and David Johnson, individually in the total amount of **$330,553.40** and enter the draft Agreed Judgment Order, which is attached hereto.

                                              Respectfully submitted,

                                              Laborers' Pension and Welfare Funds,

August 29, 2025                    By: /s/ Sara S. Schumann
                                              *One of Plaintiffs' attorneys*

Sara S. Schumann
Associate Funds Counsel
Laborers' Pension and Welfare Funds
11465 W. Cermak Rd.
Westchester, IL 60154
W: (312) 692-1497
C: (773) 255-9878
SaraS@chilpwf.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that she caused a copy of the foregoing Motion for Entry of an Agreed Judgment Order to be sent by filing of the same with the Court's electronic filing system to all those who receive such service, including the following person and entity on this 29th day of August, 2025.

                Todd A. Miller
                Kathleen Cahill
                Allocco Miller & Cahill, P.C.
                20 N. Wacker Dr. Suite 3517
                Chicago, IL 60606
                tam@alloccomiller.com
                kmc@alloccomiller.com

                (*Counsel for Defendants*)

                                            /s/ Sara S. Schumann